[Crim. No. 5299. Fourth Dist., Div. One. Oct. 12, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDOLPH EUGENE GARAUX, Defendant and Appellant.

**COUNSEL**

Thomas J. Ryan, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, A. Wells Petersen and Stephen E. Wittman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Defendant Randolph Eugene Garaux was found guilty of first degree murder and sane. He appeals the judgment.

In the guilt phase, Garaux waived a jury trial. Trial began June 5, 1972. On June 9, 1972, Garaux sought to withdraw his not guilty plea and enter a plea of guilty. The court denied his motion, and he was found guilty on June 26, 1972. The following day a jury trial began to determine the sanity issue. Garaux moved to withdraw his plea of not guilty by reason of insanity. The court denied his motion, and three weeks later the jury found him sane when he had murdered. The court sentenced him to life imprisonment with 182 days credit for time already served.

In short, the situation is of a defendant desiring to admit his guilt by pleading guilty, being found guilty, and then appealing.

■ Garaux contends the court erred during the guilt phase of the trial by allowing his confession of murder into evidence. He had confessed to

a psychotherapist, Dr. Solomon, appointed by the court at Garaux's request in an unrelated case in which he was charged with assault with a deadly weapon, burglary, and attempted burglary.[1] He claims the admissions were privileged communications between patient and psychotherapist (Evid. Code, § 1014). However, in view of the evidence presented by Garaux in the unrelated first trial where he called Dr. Solomon as his own witness and elicited the admissions, he waived any privilege. Evidence Code section 912 applies. It provides, with exceptions not applicable here, the privilege as to a communication is waived where the holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure.

Since Dr. Solomon's testimony was properly admitted, there was no miscarriage of justice, as Garaux contends, in admitting it.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.

A petition for a rehearing was denied November 1, 1973, and appellant's petition for a hearing by the Supreme Court was denied December 19, 1973.

---

[1]Garaux has appealed this conviction (4 Crim. No. 5231).